UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41088
_____


IN THE MATTER OF: TK-USA, INC.,

                                                    Debtor.

TK-USA, INC.,

                                                    Appellant,

v.

CHAIO TUNG BANK,

                                                    Appellee.

_____

**Appeal from the United States District Court
for the Southern District of Texas
(B-97-CV-8)**
_____

**August 11, 1999**

Before JONES and WIENER, Circuit Judges, and LITTLE,[*] District
Judge.

PER CURIAM:[*]

At the heart of this appeal from the district court's
affirmation of a ruling by the bankruptcy court is the latter
court's finding of the value of real estate in Matamoros, Mexico
owned by a subsidiary of Appellant TK-USA, Inc. ("TK") and

_____

[*]District Judge of the Western District of Louisiana, sitting
by designation.

[*]Pursuant to 5th Cir. Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir. Rule 47.5.4.

encumbered by a mortgage securing a loan to TK from Appellee Chaio Tung Bank ("the Bank"). Specifically, TK asks us to find reversible error in the bankruptcy court's admission and consideration of the appraisal testimony of Antonio Guajardo-Castro ("Guajardo"), an experienced Mexican realtor who is not a licensed appraiser in that country. That testimony, together with several appraisals and related testimony, form the basis of the court's determination of the property's value. TK insists that the bankruptcy court abused its discretion in admitting Guajardo's testimony as expert evidence, leading that court to commit clear error in its determination of the value of the land and vacant improvements here at issue. Overarching TK's assignments of error is the practical effect of the court's finding of value: The court-determined $2.33 million value as the date in question was less than the balance owed by TK on its indebtedness to the Bank, thereby making the Bank an under-secured creditor and entitling it to seek deficiency from, inter alia, TK's non-bankrupt guarantors. TK argues that if the court had not admitted and considered the Guajardo evidence it would have found a value of the property equal to or exceeding the Bank debt which, in turn, would have forced the Bank to accept the collateral as the "indubitable equivalent" of its secured claim, the so-called "dirt-for-debt" rule, thereby relieving TK and its guarantors of exposure to a deficiency claim by the bank.

Our review of the record on appeal in light of the legal propositions advanced by counsel for the parties in their respective appellate briefs convinces us that, under the deferential abuse of discretion standard of review of the bankruptcy court's evidentiary ruling, that court cannot be reversed for admitting the Guajardo evidence and including it in the mix of all of the appraisal evidence considered in determining the value of the subject property as of August 1996. First, we reject the notion that the absence of a particular license or certificate constitutes a per se bar to the qualification of an experienced and knowledgeable realtor as an appraisal expert. Second, we note that banks have hired Guajardo to do appraisals despite the fact that he is not certified to do official bank appraisals by the cognizant banking commission in Mexico, that he has considerable practical experience in doing appraisals, and that he has been a local real estate broker in the Matamoros area for approximately 30 years. Third, Guajardo had been recommended to do this work by Mr. Sandoval, whose appraisal was admitted and considered by the bankruptcy court without objection from TK. Thus, from the standpoint of credentials, Guajardo was neither clearly qualified nor clearly unqualified. It follows that a reasoned evidentiary ruling on Guajardo's credentials, one way or the other, could not rise to the level of abuse of discretion. Here, then, the question of his credentials goes to the weight and not the admissibility of his testimony.

The same can be said for Guajardo's methodology.[1]  Although TK characterizes Guajardo's methodology as constituting a "guesstimate" and as "unorthodox," we find these pejorative sobriquets to be hyperbole if not wholly inaccurate.  In addition to the likelihood that something was lost in the translation of Guajardo's testimony from Spanish to English, we see nothing conclusional or arbitrary in his discount determinations which, as he explained, were based on experience —— of which he had considerable.  Also, some of the same factors considered by Guajardo were considered by Marshall & Stevens in preparing their appraisal reports, which contained no more significant justifications for their somewhat higher discount figures than did Guajardo's.  In sum, we do not view Guajardo's methodology as so deficient as to require its exclusion under the Federal Rules of Evidence as applied in the light of <u>Daubert</u>.[2]

A cursory comparison of the value reached by the bankruptcy court to those contained in the several appraisals it considered reveals no clear error.  The court's value does not appear to be a simplistic averaging of the different values submitted by the appraisers; it is lower than the highest appraisal and higher than the lowest (Guajardo's) appraisal; "in light of the purpose of the

---

[1]   <u>See</u> <u>generally</u> <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 113 S.Ct. 2786 (1993).

[2]   <u>Id.</u>

valuation and of the proposed disposition or use" of the property,[3] nothing in the court's "bottom line" figure suggests that it is out of the realm of reasonableness or otherwise aberrant.  Neither can we say that, absent the Guajardo evidence, the court would not have come to the same conclusion or that doing so would have constituted clear error.  Real estate appraising is anything but an exact science, and the variables affecting the value of the unique property here under consideration produce a relatively broad range between the high and low limits of clear error.

In conclusion, we are satisfied that the bankruptcy court did not abuse its discretion in considering the Guajardo appraisal as one evidentiary factor among the many considered in the valuation process, and that the court's determination of the property's value at $2.33 million is not clearly erroneous.  The judgment of the bankruptcy court, and the district court's affirmance on appeal, are, therefore, in all respects,

AFFIRMED.

---

[3]     Financial Sec. Assurance, Inc. v. T-H New Orleans Ltd. Partnership (In re T-H New Orleans Ltd. Partnership), 116 F.3d 790, 799 (1997) (citing Associates Commercial Corp. v. Rash, 117 S.Ct. 1879, 1885 (1997) recognizing the need for case-by-case valuation).